U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 21 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JORGE ARTURO MARTINEZ | CIVIL ACTION NO. 06-1355 |
| VS. | SECTION P |
| FREDRICK MENIFEE, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed by *pro se* petitioner Jorge Arturo Martinez on August 8, 2006. Martinez is an inmate in the custody of the Federal Bureau of Prisons (BOP); when he filed the petition, he was incarcerated at the United States Penitentiary, Pollock, Louisiana, but he was subsequently transferred to the Federal Correctional Institution - Medium, in Forrest City, Arkansas[1] where he is serving the 77 month sentence imposed in August, 2003 following his April 16, 2003 conviction for distribution of controlled dangerous substances in the United States District Court for the Southern District of Mississippi. [See United States of America v. Jorge Arturo Martinez, No. 1:02-cr-00061.]

---

[1] Jurisdiction must be judged as of the time a petition is filed. Lee v. Wetzel, 244 F.3d 370, 375 n. 5 (5th Cir.2001). Since petitioner was incarcerated in this district when he filed his petition, jurisdiction and venue over his §2241 petition are proper. See id.; 28 U.S.C. § 2241(d).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### Statement of the Case

On April 13, 2001 petitioner was arrested by the Hidalgo County (Texas) Sheriff's Department and charged with intoxication, assault and driving while intoxicated. He was convicted and on June 13, 2001 he was sentenced to serve 7 years in the custody of the Texas Department of Criminal Justice (TDCJ). He was given credit for time served in custody from April 13, 2001 (the date of his arrest) through June 12, 2001 (the date of his conviction). [doc. 4-3, Exhibit D 2; doc. 4-2, p. 8]

On July 23, 2002 petitioner was indicted by the Federal Grand Jury in the Southern District of Mississippi and charged with conspiracy to distribute over 1,000 kilograms of marijuana and conspiracy to import over 1,000 kilograms of marijuana into the United States. The criminal activity was alleged to have occurred between January 1, 1997 - July 23, 2002. [*id.*, see also United States of America v. Jorge Arturo Martinez, No. 1:02-cr-00061 (U.S.D.C. S. Miss.), at doc. 1]

On November 6, 2002, the United States Marshal assumed custody of petitioner via a writ of *habeas corpus ad*

*prosequendum*. On April 7, 2003 petitioner entered into a plea agreement with the government and pled guilty to conspiracy to possess with intent to distribute more than 400 but less than 700 kilograms of marijuana. On August 6, 2003 petitioner was sentenced to serve 77 months. The court ordered that the federal sentence run concurrent with any State sentences being served. On August 28, 2003 petitioner was returned to the custody of the TDCJ to complete his Texas sentence. [doc. 4-3, Exhibit D2 - D3; U.S.A. v. Martinez, *supra*, at docs. 36 and 42]

On March 18, 2005 petitioner was paroled on the Texas sentence and released to the custody of the United States. On June 9, 2005 petitioner arrived at USPP. On June 28, 2005 the BOP South Central Regional Office issued a "*nunc pro tunc*" directing that petitioner's sentence be calculated to have commenced on August 6, 2003. [doc. 4-3, Exhibit D3]

On September 26, 2005 petitioner commenced the BOP's Administrative Remedy Program by submitted an informal grievance to request "... full award for jail and state time served on concurrent and conterminous sentence." [doc. 4-3, p. 1] In support of his ARP petitioner alleged, "Above referenced inmate ... moves pursuant to *Nunc Pro Tunc* for the FBOP to award credit for time spent in state custody after the federal sentence was imposed." [doc. 4-3, pp. 1-2] On November 14, 2005, Assistant Inmate System Manager Mary Singleton replied to petitioner's ARP

and stated, in part,

> On June 28, 2005, a *nunc pro tunc* was issued by the South Central Regional Office, to commence your federal sentence on August 6, 2003. The term *Nunc Pro Tunc* means 'now for then, having retroactive effect.' As a result of the federal order, your federal sentence commenced on the date of imposition. You are not entitled to any other credit as a result of the sentencing structure of the state and federal sentence.
>
> The state awarded you all time spent in official detention prior to sentencing...
>
> Willis[2] application does not apply due to the state Raw EFT exceeding the federal sentence prior to the application of any prior custody credits. [doc. 4-3 Exhibits D2 and D3]

On December 7, 2005 petitioner appealed this decision to Warden Menifee. On December 30, 2005, Warden Menifee denied the ARP adopting the reasoning of Ms. Singleton. [doc. 4-2, pp. 8-10]

On January 13, 2006 petitioner availed himself of the Regional Administrative Remedy Appeal. [doc. 4-2, p. 4] On March 17, 2006 his regional appeal was rejected and the Regional Director noted,

> ... Title 18 U.S.C. §3585(b) is the statute authorizing the award of presentence credit. This statute authorizes credit for time spent in official detention prior to the commencement of a sentence that has not been credited against another sentence. To award presentence credit for time served on your state sentences would be contrary to the intent of this statute...
>
> Qualified presentence credit, which is the amount of time in non-federal custody after the date of the federal offense to the date the date the non-federal or

---

[2] Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

federal sentence commenced, is used in these
determinations. The date your federal offense concluded
as reflected on your Judgment in a Criminal Case, is
July 23, 2002.

Your state sentences were imposed on April 16, 2001,
and June 29, 2001. Since your state sentences commenced
when imposed, and these dates are prior to July 23,
2002, there is no qualified presentence credit to
consider. [doc. 4-2, pp. 5-6]

On March 31, 2006 petitioner appealed to the Central Office of the BOP. In denying relief, the National Inmate Appeals Administrator noted the following:

Concurrent sentences do not necessarily mean the
sentences are coterminous in either their commencement
or scheduled expiration.

Title 18, United States Code (USC), §3585(b), governs
the application of prior custody credit, prohibiting
the application of credit which has been credited
against another sentence. The exceptions are the 'no
benefit' rules. Staff evaluated the relationship
between your sentences to determine if you received
benefit from the credit applied by the state. That is,
staff considered applying credit pursuant to Willis v.
U.S., 449 F.2d 923 (5th Cir. 1971)[3] and Kayfez v.
Gasele, 993 F. 2d 1288 (7th Cir. 1993). Our evaluation
of your sentences revealed that you are not eligible to
receive credit against your federal sentence because
you did not have any qualified presentence credit. That
is, because your federal date of offense came after the
imposition of your state sentence, you do not have any
qualified presentence credit. [doc. 4-2, pp. 1-2]

Petitioner signed his federal *habeas corpus* petition on August 7, 2006. Petitioner argues that the BOP abused discretion when they failed to award full concurrent credit toward his federal

---

[3] The proper citation for this case is 438 F.2d 923. See footnote 1, *supra*.

sentence. [doc. 4-1, p. 2]

## *Law and Analysis*

The Fifth Circuit has established that "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir.2000) (citations omitted).[4] Additionally, "[t]o the extent that [petitioner] seeks credit for time served prior to the date of his federal sentence, ostensibly under 18 U.S.C. § 3568, ... it must be advanced in a petition for *habeas corpus* under 28 U.S.C. § 2241." United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir.1988) (citing United States v. Brown, 753 F.2d 455 (5th Cir.1985) (*per curiam*)).

In order to prevail, a *habeas* petitioner must show that his liberty is being restrained in violation of the constitution, treaties, or statutes of the United States. United States v. Hayman, 342 U.S. 205, 211-12 (1952). "*Habeas* relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Kinder

---

[4] As noted above, petitioner was incarcerated in the Western District of Louisiana when suit was filed.

v. Purdy, 222 F.3d 209, 213 (5th Cir.2000) (*per curiam*) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (*per curiam*)).

Petitioner disputes the BOP's calculation or computation of his sentence. There are generally two issues related to the computation of federal sentences: (1) when does the federal sentence commence; and (2) is the prisoner entitled to credit for time served prior to the commencement of the federal sentence. Often, as in the present case, these issues are intertwined.

The Attorney General is responsible for incarcerating federal inmates, and this responsibility is administratively performed by the BOP.

A prisoner must first seek administrative review of the BOP's sentence computation determinations. 28 C.F.R. §542.10 - 542.19. Once an inmate has exhausted his administrative remedies, then he may seek judicial review of the BOP's determination. Wilson, 503 U.S. at 335. Petitioner fully exhausted available administrative remedies prior to filing his federal petition. While he contests the BOP's legal conclusions, at no point in this process (including the present) did he contest the factual findings made by the BOP. The relevant facts are these:

1. Petitioner was arrested by Texas on April 13, 2001.

2. He was convicted on the Texas charges on June 13, 2001.

3. He was sentenced to serve 7 years (84 months) in the

custody of the TDCJ and given credit for the 2 months (60 days) served from the date of arrest to the date of conviction.

4. He was indicted by the United States on July 23, 2002 and charged with criminal conduct in violation of federal law during the period between January 1, 1997 - July 23, 2002.

5. The United States Marshal obtained physical custody of him from Texas on November 6, 2002.

6. On April 7, 2003 he pled guilty to the federal charges.

7. On August 6, 2003 he was sentenced to serve 77 months (6 years, 5 months) and the sentence was made concurrent with the Texas sentence.

8. On August 28, 2003 he was returned to the custody of Texas.

9. On March 18, 2005 he was paroled from Texas and returned to federal custody. The BOP has determined that his federal sentence of 77 months should be reckoned from August 6, 2003, the date of his conviction.

These uncontested findings reveal that petitioner received pre-sentence credit on his Texas sentence. It appears that he is not entitled to any further prior custody credit than that which he has already received.

For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. §3585. United States v. Wilson, 503 U.S. 329, 332 (1992). That statute,

entitled "Calculation of a term of imprisonment," provides:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence. (emphasis supplied)

Notwithstanding the limitation imposed under § 3585(b), pursuant to Willis v. United States, 438 F.2d 923, 925 (5th Cir.1971), where a defendant's state sentence runs concurrently with a longer federal sentence, time spent in pre-sentence state custody attributable to the federal offense must be credited toward time served on a federal sentence even if the defendant was given credit on his state sentence for that period of time. See Chaplin v. United States, 451. F.2d 179, 181 (5th Cir.1971); Radcliffe v. Clark, 451 F.2d 250, 252 (5th Cir.1971); Willis, 438 F.2d at 925.

Applying §3585 and Willis to the instant case, the BOP determined that petitioner's federal sentence began on August 6,

2003, the date his federal sentence was imposed. He is not entitled to credit for the presentence period of incarceration between April 13, 2001 - June 12, 2001, or the post-sentence period of incarceration between June 13, 2001- August 6, 2003, because he received credit for those periods against his Texas sentence, <u>and</u>, his Texas sentence (7 years or 84 months) is <u>greater</u> than his federal sentence of 77 months, and, because his federal offense (an on-going offense) was committed after the imposition of his state sentence.

In other words, the BOP is correct in its assertion that petitioner has received all credit toward his federal sentence to which he is entitled. The BOP's calculation of petitioner's sentence comports with the order of the United States Court - petitioner has been given credit against his federal sentence for the period between August 6, 2003 (the date of his federal conviction) and March 18, 2005, the date he was paroled from TDCJ to the custody of the BOP. He is entitled to no more.

In the May 26, 2006 denial of ARP 397768-A1, the National Administrator noted, "...§3585(b), governs the application of prior custody credit, prohibiting the application of credit which has been credited against another sentence."

As shown above, petitioner's presentence time <u>was</u> credited toward his Texas sentence. The National Inmate Appeals Administrator went on to note that there were recognized

jurisprudential exceptions to the rule enunciated by §3585(b) namely <u>Willis</u>, *supra*, and <u>Kayfez</u>, *supra*. However, those jurisprudential exceptions do not apply to petitioner's sentences "...because [his] federal date of offense [January 1, 1997 - July 23, 2002] came <u>after</u> the imposition of [his] state sentence [June 13, 2001], [he does] not have any qualified presentence credit..."

In other words, the findings of the BOP are consistent with federal law. Petitioner has not shown that he is being restrained in violation of the constitution, treaties, or statutes of the United States, and therefore,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus (28 U.S.C. §2241) be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted. Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date**

of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _21st_ day of _March_, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE